# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MONAL PATEL,** )<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**FEDERAL DEPOSIT INSURANCE CORP.** )<br>**and ICF, INC.[1]** )<br>)<br>    **Defendants.** )<br>_____)| Civil Action No.  1:18-CV-02707-RC<br>Assigned To: Hon. Rudolph Contreras |

## DEFENDANT ICF, INCORPORATED, LLC'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), Defendant ICF, Incorporated, LLC ("ICF"), by counsel, hereby moves to dismiss the claims asserted against it in the Complaint filed by Plaintiff Monal Patel because: (i) this Court lacks personal jurisdiction over ICF; and (ii) each of Plaintiff's claims against ICF fails to state a claim upon which relief may be granted.  The grounds for this motion are set forth in the accompanying Memorandum of Support.  Pursuant to Local Rule 7(f), ICF requests an oral hearing for this motion.

Dated:  March 19, 2019

Respectfully submitted,

    */s/   Micah E. Ticatch*
Edward Lee Isler, D.C. Bar No. 417076
Micah E. Ticatch, D.C. Bar No. 1005398
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
eisler@islerdare.com
mticatch@islerdare.com

*Counsel for Defendant ICF, Incorporated, LLC*

---

[1] There is no entity known as "ICF, Inc." as named in Plaintiff's Complaint.  It is presumed that Plaintiff intended to name his former employer, ICF Incorporated, LLC, as Defendant in this action.

1

2

**CERTIFICATE OF SERVICE**

 I hereby certify that on the 19th day of March 2019, I served a copy of the above on the following by first class and electronic mail:

> Monal Patel
> 2020 F. St. NW Apt 125
> Washington D.C. 20006
> Monal.m.patel@gmail.com
>
> *Pro Se* Plaintiff

                */s/   Micah E. Ticatch*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MONAL PATEL, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  1:18-CV-02707-RC |
| ) | Assigned To: Hon. Rudolph Contreras |
| FEDERAL DEPOSIT INSURANCE CORP. ) | |
| and ICF, INC.[1] ) | |
| ) | |
|     Defendants. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT ICF, INCORPORATED, LLC'S MOTION TO DISMISS**

Defendant ICF, Incorporated, LLC ("ICF") hereby submits this memorandum in support of its Motion to Dismiss.

**BACKGROUND**

*Pro se* Plaintiff Monal Patel was employed by ICF as a Financial Specialist from August 2017 until his voluntary resignation on April 6, 2018.  During his eight-month employment with ICF, Plaintiff worked on a contract that ICF had with the Federal Deposit Insurance Corporation ("FDIC").  Throughout his employment, Plaintiff was assigned to work in the FDIC's offices in Arlington, Virginia.  *See* Complaint § I(C).

In his Complaint, Plaintiff appears to assert claims under numerous statutes, including the Equal Pay Act, Lilly Ledbetter Fair Pay Act, Executive Orders 11246 and 13665, the Administrative Procedures Act, the False Claims Act, the Virginia Equal Pay Act, and the D.C. Human Rights Act, as well as a claim for defamation.

---

[1] There is no entity known as "ICF, Inc." as named in Plaintiff's Complaint.  It is presumed that Plaintiff intended to name his former employer, ICF Incorporated, LLC, as Defendant in this action.

1

As noted below, because Plaintiff's employment was based in Virginia this court lacks personal jurisdiction over ICF as to this Action. Moreover, even if personal jurisdiction over ICF existed, each of Plaintiff's claims are meritless and should be dismissed with prejudice.

**ARGUMENT**

**I.     ICF Should Be Dismissed From This Action Because The Court Lacks Personal Jurisdiction Over ICF As To This Action.**

In order to exercise personal jurisdiction over ICF, the Court must have either general ("all purpose") jurisdiction or specific ("case-linked") jurisdiction. *See, e.g., Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773, 1780 (2017); *Yi Tai Shao v. Roberts*, 2019 WL 249855, at *6 (D.D.C. 2019). Because, as explained in more detail below, this Court has neither, ICF must be dismissed from this case.

**A.     Standard of Review**

When a defendant objects to a court's personal jurisdiction under Rule 12(b)(2), the plaintiff, not the defendant, bears the "burden of establishing a factual basis for the court's exercise of personal jurisdiction." *Williams v. Romarm, SA*, 756 F.3d 777, 785 (D.C. Cir. 2014).

Since 2011, the Supreme Court has issued six separate opinions addressing the scope and constitutional limits of personal jurisdiction. *Bristol-Meyers,* 137 S. Ct. 1773; *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549 (2017); *Walden v. Fiore*, 571 U.S. 277 (2014); *Daimler AG v. Bauman*, 571 U.S. 117 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011); *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011). Notably, in every one of these cases, the Supreme Court found that personal jurisdiction did not exist, despite plausible arguments by the respective plaintiffs in those matters that jurisdiction was appropriate. Together, these cases clearly demonstrate that the scope of personal jurisdiction is narrow and requires careful scrutiny by the trial court.

B.   **Because ICF Is Not at Home in the District of Columbia, The Court Lacks General Jurisdiction.**

When a court has general jurisdiction over a defendant, a plaintiff can properly assert any lawsuit against the defendant in that forum.  This extensive power, however, is limited only to those courts in the forums where a defendant is said to be "at home."  *Daimler AG*, 571 U.S. at 137.  The Supreme Court has held that, outside extraordinary circumstances, a corporate entity is at home only in the jurisdiction in which it is incorporated or where it has its principal place of business.  *See id.* at 137-138.

ICF has its principal place of business in Virginia and is incorporated under Delaware law.  Plaintiff has not alleged otherwise.  This Court is, therefore, without general jurisdiction.

C.   **Because Plaintiff's Claims Do Not Arise in the District of Columbia, the Court Lacks Specific Jurisdiction.**

When a court lacks general jurisdiction, it can still exercise specific jurisdiction over a claim, but only when there is "an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Meyers,* 137 S. Ct. at 1781.  Furthermore, to establish jurisdiction, the suit-related activity or occurrence must represent a "substantial connection with the forum State." *Walden*, 571 U.S. at 284.  A connection that is only tangential to the claim does not create jurisdiction.  *See id.* at 288-289 (intentional tort committed as plaintiff was attempting to travel from Georgia to Nevada did not establish a substantial enough contact with Nevada to create jurisdiction).  Moreover, the fact that a defendant's action in one state causes detrimental effects in the state where the plaintiff resides is insufficient to create jurisdiction in the latter.  *See id.*

Because Plaintiff bears the burden, he is required to plead sufficient facts in his complaint to establish that each claim is sufficiently connected to the District of Columbia to establish specific jurisdiction. *Cockrum v. Donald J. Trump for President, Inc.*, 319 F. Supp. 3d 158, 175

(D.D.C. 2018). Plaintiff has clearly not met his burden. The Complaint does not contain a single allegation connecting Plaintiff's claims against ICF to the District of Columbia.

Furthermore, it seems clear that no amendment could fix this issue. Plaintiff has pled three general groups of claims: sex discrimination, pay discrimination, and defamation. The Complaint acknowledges that his place of employment was in Arlington, Virginia and that ICF's headquarters is located in Fairfax, Virginia. *See* Complaint § I(B), (C). Any sex or pay discrimination that occurred would have either happened where Plaintiff was stationed (Arlington) or where ICF management was located (Fairfax). Furthermore, the email that ICF suspects is the basis of his defamation claim was sent by his supervisor in Fairfax to Plaintiff and to another ICF employee in Fairfax.

Because none of the claims asserted against ICF has a substantial connection to the District of Columbia, the Court lacks jurisdiction. As such, ICF should be dismissed from this action.

## II.     To the Extent the Court Has Jurisdiction, It Should Dismiss Each of Plaintiff's Claims With Prejudice Under Rule 12(b)(6).

Each of Plaintiff's claims against ICF are fatally flawed and should be dismissed for failure to state claim. Moreover, because the flaws identified below cannot be remedied by amendment, the claims should be dismissed with prejudice.

### A.     Standard of Review.

In order to "survive a motion to dismiss under Federal Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Carr v. Sessions*, 2019 WL 917651, at *2 (D.D.C. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are therefore insufficient to withstand a motion to dismiss." *Id.*

4

While, for the purposes of a motion to dismiss, a court accepts the factual allegations pled in the complaint, it is not bound by the legal conclusions alleged. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although *pro se* complaints are held to a "less stringent" standard than complaints drafted by attorneys, a *pro se* plaintiff is still required to comply with the Federal Rules and to plead sufficient facts to establish the plausibility of their claim. *See, e.g., Mehrbach v. Citibank, N.A.*, 316 F. Supp. 3d 264, 268 (D.D.C. 2018). Moreover, a Court is not required to "assume the role of the *pro se* plaintiff's advocate." *Id.*

### B. Plaintiff Cannot State a Claim Under the Equal Pay Act Because He Has Not Alleged a Female Comparator Who Earned a Higher Wage Than Him.

Plaintiff's principal claim in the Complaint is that ICF violated the federal Equal Pay Act.[2] *See* Complaint § II; § III(E), ¶¶ 3, 8-9; § V. Because there is no basis for this claim, it should be dismissed with prejudice.

The Equal Pay Act prohibits an <u>employer</u> from discriminating "<u>between employees</u> on the basis of sex by paying wages . . . at a rate less than the rate at which <u>he pays</u> wages to <u>employees of the opposite sex</u>. . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1) (emphasis added). The essence of the statute is that an employer is not permitted to pay two of its own similarly situated employees differently merely because they are of the opposite sex.

---

[2] Plaintiff's Complaint also refers to the Lilly Ledbetter Fair Pay Act. *See* Complaint § II; § III(E), ¶ 11. However, that statute did not create a new right of action, but merely changed the calculation of the statute of limitations for discriminatory compensation claims brought under the Equal Pay Act and other federal employment statutes. *See* 123 Stat. 5 (2009); *McNair v. D.C.*, 213 F. Supp. 3d 81, 88 (D.D.C. 2016) ("The Lilly Ledbetter Fair Pay Act, however, does not grant plaintiffs a stand-alone cause of action.").

Thus, at minimum, to state a claim under the Act, one must identify a comparator who works for the <u>same employer</u> in a position that requires equal work and who was paid a higher wage. *See, e.g., Sandoval v. City of Boulder, Colo.*, 388 F.3d 1312, 1328 (10th Cir. 2004) (employee of a different organization was not proper comparator); *Benjamin v. Holy Cross Hosp., Inc.*, 2013 WL 1334565, at *7 (S.D. Fla. 2013) ("The EPA requires, among other things, that the plaintiff's comparators be employees of the same employer.")

Plaintiff's Complaint fails to identify any such comparators. Instead, Plaintiff's only allegation in support of this claim is that he was paid less than two females, Lori Dickson and Eun Mi Yu, who were former employees <u>of the FDIC</u>. *See* Complaint § III(E), ¶ 8. Since Plaintiff has not alleged, and cannot in good faith allege, that either Ms. Dickson or Ms. Yu were employed by ICF, they are obviously not relevant or sufficient to state a claim.

Perhaps recognizing this fatal flaw in his claim, Plaintiff alleges that "FDIC can be considered a joint employer by way of the joint employer test in how it asserted the level of control and direction they had over my work and schedule as a contractor." *See id.*, ¶ 7.

First, Plaintiff's claim that FDIC was a "joint employer" of Plaintiff is the precise type of threadbare conclusory legal conclusion without factual support that is insufficient to alter the Court's analysis of the Equal Pay Act claim. *See, e.g., Bravo v. On Delivery Servs., LLC*, 2018 WL 2387835, at *1 (N.D. Cal. 2018) (dismissing claims because joint employment allegation made without sufficient factual support); *Badger v. Stryden, Inc.*, 2016 WL 3014867, at *4 (E.D. Pa. 2016) ("The naked assertion that Stryden acted as Plaintiffs' employer or joint employer without any factual enhancement is plainly insufficient.").

However, even if the joint-employer allegation were plausible, it would not create an Equal Pay Act claim against ICF. The joint-employer doctrine is a recognition that, in some circumstances, an employee can be employed by two different entities for the same time. Thus,

if Plaintiff's joint-employer allegation were accepted, it would merely mean that Plaintiff was legally both an employee of ICF and an employee of the FDIC simultaneously.

But such a legal conclusion, even if accepted by the Court, would do nothing to the alter the fact that neither Ms. Dickson nor Ms. Yu were employees of ICF. Since they were FDIC employees, ICF had absolutely no control over their wage rates.

The Equal Pay Act only prohibits employers from setting different rates of pay for similar situated employees who are of the opposite sex. Obviously, if ICF did not control the FDIC employees' wages, it cannot be said to have violated this law. Because Plaintiff cannot identify a comparator <u>employed by ICF</u> that earned more than him for equal work, his Equal Pay Act claim cannot succeed and should be dismissed with prejudice.

      C.      **Plaintiff Cannot State A Claim Under the Virginia Equal Pay Act.**

In addition to his federal Equal Pay Act claim, Plaintiff's Complaint also purports to assert a claim under the Virginia Equal Pay Act. *See* Complaint § II. However, just like the federal statute, the Virginia statute only applies when an employer pays its employees different rates of pay on the basis of sex. *See* Va. Code 40.1-28.6. Thus, Plaintiff's state claim fails for the same reason as his federal claim — because there is no comparator that ICF employed at a lower rate of pay.

More importantly, the Virginia statute only applies to employers <u>not</u> "covered by the Fair Labor Standards Act of 1938 as amended." *See id.* ICF is clearly covered by the FLSA. *See* 29 U.S.C. § 203(s)(1). Plaintiff has not alleged otherwise, and could not do so in good faith. As such, the Virginia Equal Pay Act claim must be dismissed with prejudice.

      D.      **Plaintiff Cannot State A Claim Under the D.C. Human Rights Act.**

Section II of Plaintiff's Complaint identifies the D.C. Human Rights Act ("DCHRA") as another statute under which Plaintiff has brought suit. The only substantive allegations in the

7

Complaint that seems to support a claim under that statute are in Paragraph 11 of Section III(E), which states:

> ICF did not properly consider my requests for pay raise, denied a promotion, job classification change and decision on pay when I brought them up. ICF acted in a retaliatory, intimidatory manner with these denials after I had reported ICF manager Lisa Pardue to the ICF Human Resources Business Partner, Denise Rowe, November 2017 for biased treatment.

These are precisely the type of threadbare conclusory allegations that are insufficient to survive a motion to dismiss.

More importantly, even if Plaintiff had pled these claims with sufficient factual support, they would still be subject to dismissal because the DCHRA does not apply to events taking place entirely in Virginia. "The DCHRA is not extraterritorial; it does not and cannot secure an end to discrimination in jurisdictions outside of the District of Columbia." *Cole v. Boeing Co.*, 845 F. Supp. 2d 277, 284 (D.D.C. 2012).

Plaintiff has not pled that any of the alleged discrimination took place in D.C. Rather, the Complaint suggests the opposite. As previously noted, Plaintiff was employed in Arlington, Virginia and ICF is headquartered in Fairfax, Virginia. *See* Complaint § I(B), (C). Therefore, any alleged discriminatory decision would almost certainly have taken place in either Arlington or Fairfax. Additionally, because he was located in Arlington, the consequence of any alleged discrimination would have also been felt in Virginia, not D.C.

Because Plaintiff's discrimination claims are not connected to D.C., the DCHRA does not apply and must be dismissed with prejudice.

### E. Plaintiff Cannot Maintain a Claim Against ICF Under the Administrative Procedures Act or Executive Orders.

Plaintiff's Complaint appears to assert claims against ICF under Executive Orders 11246 and 13665. *See* Complaint § II; §III(E), ¶¶ 10 and 12. Among other things, Executive

Order 11246, prohibits federal contractors from discriminating "against any employee or applicant for employment because of race, color, religion, sex, or national origin."[3] Executive Order 13665 amended Order 11246 to additionally prohibit discrimination by a contractor for an employee's inquiry or disclosure of employment compensation.

However, there is no private right of action under Executive Order 11246. *See, e.g., Brug v. Nat'l Coal. for Homeless*, 45 F. Supp. 2d 33, 41 (D.D.C. 1999); *Utley v. Varian Assocs.*, 811 F.2d 1279, 1285–86 (9th Cir. 1987); *Cook v. Unisys Fed. Gov't, Grp.*, 2015 WL 5690928, at *7 (W.D. Va. 2015), *adopted*, 2015 WL 5690976 (W.D. Va. 2015). As such, Plaintiff's claims under the Executive Orders must be dismissed with prejudice.

Similarly, Plaintiff claims ICF violated the Administrative Procedures Act. *See* Complaint § III(E), ¶ 14. The APA allows for judicial review of actions taken by a federal agency. *See, e.g.,* 5 U.S.C. § 702; *Mwabira-Simera v. Howard Univ.*, 692 F. Supp. 2d 65, 70 (D.D.C. 2010) ("The APA applies only to agencies of the federal government."). Because ICF is not a federal agency, it cannot be subject to a claim under the APA. *See id; W. State Univ. of S. California v. Am. Bar Ass'n*, 301 F. Supp. 2d 1129, 1133 (C.D. Cal. 2004). As such, Plaintiff's APA claim must also be dismissed with prejudice.

### F.     Plaintiff Cannot Maintain a Claim Under the False Claims Act.

Plaintiff's Complaint makes multiple vague references to the False Claims Act. *See* Complaint § III(E), ¶ 15 (stating "there are False Claim (sic) Act implications"); *id.* § V (seeking relief because, among other things, "ICF violated the False Claims Act"). To the extent Plaintiff intended to assert a claim under the False Claims Act against ICF, he has failed to allege sufficient facts to make the claim plausible. However, more importantly, because Plaintiff did

---

[3] Executive Order 11246 did not originally prohibit sex discrimination. However, the Order was amended by Executive Order 11375 to include sex as a protected characteristic.

not file his Complaint under seal, as required by the statute, the False Claims Act claim is procedurally barred and must be dismissed with prejudice. *See Taitz v. Obama*, 707 F. Supp. 2d 1, 4 (D.D.C. 2010). Furthermore, because Plaintiff is proceeding *pro se,* he is prohibited from maintaining an action under the False Claims Act. *See, e.g., Segelstrom v. Citibank, N.A.*, 76 F. Supp. 3d 1, 14 (D.D.C. 2014), *aff'd*, 617 F. App'x 4 (D.C. Cir. 2015). For all these reasons, Plaintiff's False Claim Act claim must be dismissed with prejudice.

### G. Plaintiff Has Not Stated a Claim for Defamation.

Plaintiff's claim for defamation should be dismissed as well. "In order to plead defamation, a plaintiff should allege specific defamatory comments by pleading the <u>time</u>, <u>place</u>, <u>content</u>, <u>speaker</u>, and <u>listener</u> of the alleged defamatory matter." *Stovell v. James*, 810 F. Supp. 2d 237, 248 (D.D.C. 2011) (emphasis added). Moreover, those allegations must demonstrate that the defendant: (1) made a false and defamatory statement concerning the plaintiff; (2) published the statement without privilege to a third party; (3) was at least negligent in publishing the statement; and (4) caused plaintiff special harm. *See Marsh v. Hollander*, 339 F. Supp. 2d 1, 5 (D.D.C. 2004). In order to be defamatory, a "remark must be more than unpleasant or offensive; the language must make the plaintiffs appear odious, infamous, or ridiculous." *Klayman v. Segal*, 783 A.2d 607, 613 (D.C. 2001).

The entirety of Plaintiff's allegations in support of his defamation claim are contained in Paragraph 16 of Section III(E) of the Complaint, which states:

> ICF manager, Lisa Pardue, defamed plaintiff by libel, in emailing false accusatory statements that I mischarged the client and that I communicated internal communicae [sic] with the client. This was retaliation for reporting discrimination.

Plaintiff has not provided the date or time of the email, the recipients of the email, or the specific content.

Moreover, there is nothing in the allegations that would suggest the alleged communication was the type of defamatory remark that would create the impression that Plaintiff was "odious." Furthermore, because Plaintiff has not described who received the alleged communication, it is not clear there was a publication to a third party, or if there was such a publication, that the publication was unprivileged. Lastly, Plaintiff has failed to describe any damage or harm caused by the alleged communication. Because Plaintiff has clearly failed to state a claim for defamation, the claim must be dismissed.

## CONCLUSION

Because this Court lacks personal jurisdiction over ICF, it should be dismissed from this action. To the extent the Court finds personal jurisdiction present, each of the claims should be dismissed with prejudice because Plaintiff cannot state the claims alleged.

Dated:  March 19, 2019                                   Respectfully submitted,

                                             */s/   Micah E. Ticatch*
                                        Edward Lee Isler, D.C. Bar No. 417076
                                        Micah E. Ticatch, D.C. Bar No. 1005398
                                        ISLER DARE, P.C.
                                        1945 Old Gallows Road, Suite 650
                                        Vienna, Virginia 22182
                                        (703) 748-2690
                                        (703) 748-2695 (fax)
                                        eisler@islerdare.com
                                        mticatch@islerdare.com

                                        *Counsel for Defendant ICF, Incorporated, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 19th day of March 2019, I served a copy of the above on the following by first class and electronic mail:

> Monal Patel
> 2020 F. St. NW Apt 125
> Washington D.C. 20006
> Monal.m.patel@gmail.com
>
> *Pro Se* Plaintiff

                                                                               /s/   Micah E. Ticatch